IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


ERIC D. SMITH                                                                    PLAINTIFF

v.                                           Civil No. 6:19-CV-06043

153-CPL HEATH DICKSON                                                            DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendant's Motion for Judgment on the Pleadings.  (ECF No. 11).

## I.  BACKGROUND

Plaintiff filed his Complaint on April 12, 2019.  (ECF No. 1).  On April 15, 2019, the Court entered an Order directing Plaintiff to file an Amended Complaint in order to correct deficiencies in his first Complaint.  (ECF No. 4).  Plaintiff filed his Amended Complaint on May 2, 2019.  (ECF No. 5).  Plaintiff alleges that Defendant violated his constitutional rights on March 21, 2015.  (*Id*. at 4).  Specifically, he alleges unlawful arrest, false imprisonment, excessive force and denial of medical care.  (*Id*. at 4-7).

Plaintiff proceeds against Defendant in his official and personal capacities.  (*Id*. at 4, 5, 6). He seeks compensatory and punitive damages.  (*Id*. at 7).

Defendant filed a Motion for Judgment on the Pleadings on July 23, 2019.  (ECF No. 11). He argues Plaintiff's claims are barred by the statute of limitations.  (ECF No. 12).

1

Plaintiff filed a Response on August 21, 2019. (ECF No. 13). He states he is a tax-paying citizen, not an attorney. (*Id*. at 1). He alleges the law firm of Sutter Gilham kept his files and videos for a year and a half and would not return them. He alleges the attorney lied and said he sent them to him and lied when they said they filed a case for him. He alleges the firm called the police on him when he went to the firm to collect them. He believes they called the police because he turned down an offer of $5,000 within two months of their representation. He alleges the attorney started representing him on March 22, 2017, so he believed they had filed his lawsuit. (*Id*. at 1-2). He is in the process of trying to find another attorney. (*Id*. at 3). He attaches a letter from the Executive Director of the Arkansas Supreme Court Office of Professional Conduct indicating he can pick up materials from his case from them. (ECF No. 13 at 6).

Defendant filed a Motion to Strike Plaintiff's Response as untimely on August 26, 2019. (ECF No. 14). He argues Plaintiff's Response was due on August 9, 2019, pursuant to Local Rule 7.2(b). (*Id*.).

## II.  LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). In deciding a Rule 12(c) motion, courts apply the same legal standard used for a motion to dismiss under Rule 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While

2

the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III.  ANALYSIS

Plaintiff's § 1983 claims are time-barred.  Section 1983 does not contain its own statute of limitation.  Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations."  *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (§ 1981 case).  *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985) (§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996) (§ 1985 case).  In Arkansas, this is the three-year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3).  *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).  Any possible equitable tolling is also controlled by state law, unless that law is inconsistent with the policies behind § 1983.  *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. 478 (1980); *Hughes v. Sheriff of Fall River County Jail*, 814 F.2d 532 (8th Cir. 1987).

Plaintiff alleges the violation of his rights occurred on March 21, 2015.  His three-year deadline to file his claims was therefore March 21, 2018.  His claims are therefore barred by the statue of limitations unless any equitable tolling is available to him.

Plaintiff argues he thought his attorney had filed a case for him, lied to him, and then kept his documents.  This argument must fail for two reasons.  First, as correctly argued by Defendant, Plaintiff's Response was filed untimely.  Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

Second, alleged attorney malpractice does not toll the statute of limitations for an underlying case.  *See Scarlett v. Rose Care, Inc.*, 944 S.W.2d 545, 547 (Ark. 1997) (reliance upon

the incorrect advice of her attorney as to the statute of limitations for a medical malpractice case did not equitably toll the statute of limitations); *Rice v. Ragsdale*, 292 S.W.3d 856 (Ark. App. 2009) (statute of limitations for attorney malpractice claim began to run when statute of limitations expired on underlying claim.)

## IV.  CONCLUSION

Accordingly, I recommend that Defendant's Motion for Judgment on the Pleadings (ECF No. 11) be GRANTED and Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **30th day of January 2020**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE